UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00116-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| BRANDON J. YATES, | |
| Defendant. | |

# I. INTRODUCTION

Pending before the Court is Defendant Brandon Yates's Motions in Limine. Dkts. 16, 35. Trial in this matter is set to begin on November 15, 2021.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motions.

# II. BACKGROUND

## A. Factual Background

On September 5, 2002, Yates was convicted of misdemeanor domestic violence in

the State of Idaho. Specifically, Yates pled guilty to violating Idaho Code § 18-918, domestic battery, in Ada County, Idaho, case number CR-FE-2002-37. Yates pled guilty to the misdemeanor domestic battery charge pursuant to a plea agreement that amended an original indictment charging one count of rape and one count of domestic violence in the presence of children, to one count of misdemeanor domestic battery and one count of misdemeanor battery.

In March 2021, Yates was renting a room from his father, Dennis Yates ("Dennis"), in Mountain Home, Idaho. Dennis was on federal felony supervised release as a convicted felon and sex offender. Pursuant to the terms of his supervised release, Dennis was subject to "a search of his person, place of residence, automobile, as well as any objects or materials including computer systems and other types of electronic storage media devices." Dkt. 33, at 3.

On March 9, 2021, United States Probation Officers arrived at Dennis's home to conduct a probationary search. Prior to the search, Probation Officer ("PO") Ben Biddulph asked Yates if there was anything illegal inside the residence. Yates advised PO Biddulph that there was not. Yates was informed he was free to leave, and he did so. After Yates left, Officers located a Savage Mark II .22 rifle in a soft case in the attic space above the garage of the home.

PO Biddulph asked Dennis about the .22 rifle. Dennis said he knew nothing about the firearm. PO Biddulph then called Yates and asked if there were any drugs, paraphernalia, firearms, ammunition, or anything else of concern or illegal in the residence. Yates stated there was some marijuana and a box of assorted ammunition that was his but

again denied knowledge of any firearms, other ammunition, drugs, or paraphernalia at the residence.

PO Biddulph called the Elmore County Sheriff's Office, and an Elmore County Deputy arrived and arrested Dennis for unlawful possession of the .22 firearm under Idaho Code. PO Biddulph then called Yates and told him he could come back to the residence. He also informed Yates that his father had been arrested for unlawful possession of a firearm.

Approximately twenty minutes later, Yates called PO Biddulph back and informed him he wanted to take responsibility for "any firearms" at the residence. When pressed about what "any firearms" might mean, Yates told PO Biddulph there was a .22 rifle in the attic above the garage. PO Biddulph asked Yates why he had not identified the firearm when originally asked and why he hadn't initially claimed ownership. Yates explained that he was unsure if he could legally possess the firearm because, while he was not a felon, he had a misdemeanor conviction for domestic battery in Idaho.

To "save his father," Yates provided an affidavit in which he took responsibility for ownership of the .22 rifle and acknowledged his father was not aware of it. *Id.* at 5. The charges against Dennis were dropped.

Roughly one week later, on March 15, 2021, PO Biddulph asked Yates to come to the United States Probation and Pretrial Services Office at the federal courthouse in Boise, Idaho for an interview.

Prior to the interview, law enforcement provided *Miranda* warnings to Yates. Yates then elected to engage in a conversation about the firearm with law enforcement.

MEMORANDUM DECISION AND ORDER - 3

Yates began by explaining to the agents that he hid the .22 rifle in the attic so that his father, who is prohibited from possessing a firearm, would not find it. Yates claimed to have never fired the .22 rifle and stated he purchased it in a private sale for $200 approximately two years prior. He also explained that he was unsure of the interplay between state and federal law, but expressed his belief that he could legally possess the firearm on federal land under federal law but not on Idaho land under Idaho law.

A grand jury subsequently indicted Yates on April 14, 2021, for a sole count of violating 18 U.S.C. § 922(g)(9).

### B. Procedural Background

In preparation for trial, Yates—under previous counsel—filed a Motion in Limine seeking to exclude evidence on four topics. Dkt. 16. The Government responded. Dkt. 26. In its response, the Government indicated it did not plan to introduce evidence relative to many of Yates's areas of concern. *Id*.

More recently, Yates—under new counsel—filed a Supplement to his Motion in Limine. Dkt. 35. This supplement largely mirrored the prior motion. The Government did not respond to this Motion. In two subsequent telephonic pre-trial conference calls, the Court and Counsel discussed the topics and the best way to approach them at trial. This decision memorializes the parties' agreements (in briefing and over the phone) and the Court's rulings.

### III. LEGAL STANDARD

### A. Motion in Limine

"Motions in limine are well-established devices that streamline trials and settle

evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Miller v. Lemhi Cty.*, No. 4:15-cv-00156-DCN, 2018 WL 1144970, at *1 (D. Idaho Mar. 2, 2018) (citing *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)).

Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (cleaned up), "a district court has discretion in ruling on a motion in limine," *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### B. Federal Rule of Evidence 404(b)

Federal Rule of Evidence 404(b) governs the admissibility of evidence concerning "other crimes, wrongs, or acts" committed by a defendant. Rule 404(b) provides: (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character; but (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(1)–(2). The Ninth Circuit has specified that "Rule 404(b) is a rule of inclusion." *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985).

"Thus, evidence of past wrongful acts is admissible if it is relevant to an issue other than the defendant's character or criminal propensity." *Id.*

To prove that the evidence is offered for one of the purposes permitted under Rule 404(b)(2), the Government must show that the evidence: (1) is offered to prove a material element of the current offense; (2) if admitted to prove intent, is similar to the offense charged; (3) is based on sufficient evidence; and (4) is not too remote in time. *United States v. Ramirez–Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "The [G]overnment must also show that the evidence satisfies Federal Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect." *Id.*; *see also United States v. Benitez*, No. 1:17-CR-00348-BLW, 2018 WL 6591917, at *2 (D. Idaho Dec. 14, 2018).

## IV.  ANALYSIS

Yates seeks to exclude testimony and evidence on four topics. The Court will address each in turn.

### A. Statements to Law Enforcement of Other Crimes

Here, Yates seeks an order from the Court excluding any reference to statements he made to law enforcement about his use of marijuana and/or regarding drugs and drug paraphernalia found at his father's residence. The Government has confirmed it does not intend to introduce such evidence. Should this evidence become relevant, the Government must seek its admission outside the presence of the jury before discussing it in open court. Yates's first request is GRANTED.

### B. Domestic Battery Conviction

Yates next asks the Court to disallow in any testimony or evidence related to his

prior conviction for domestic battery—the conviction that forms the basis for his status as a prohibited person—on the grounds that it would be unduly prejudicial. The Government originally indicated that unless Yates was willing to stipulate to his prior conviction and/or stipulate to his status as a prohibited person, it could prove this element via any lawful means.

The parties have informed the Court that they have reached a stipulation regarding the facts surrounding Yates's domestic battery conviction. It is the Court's understanding the stipulation—which recites the necessary elements showing Yates has a previous conviction and that his conviction involved domestic violence—will be read to the jury in lieu of presenting testimony or evidence about the underlying charge. This section of Yates's motion is, therefore, GRANTED to the extent the Court will utilize the parties' stipulation.

### C. Yates's Prior Record

Yates postures that the Government should be prohibited from introducing evidence of any other prior criminal acts and convictions in its case-in-chief. The Court agrees. So does the Government. It has stated it has no plans of doing so and would only need to in rebuttal, if at that. Again, should the need arise, the Government should seek leave of the Court outside the jury's presence to introduce any such evidence. This request is GRANTED.

### D. Dennis Yates's record

Finally, Yates argues that the jury need not hear that his father—with whom he resided at the time of the instant offense—was on federal probation for convictions of

sexual exploitation of children and illegal possession of a firearm. Yates argues these details are irrelevant to his case and could be prejudicial.

The Government has stated it only intends to discuss Dennis's criminal record to the extent necessary to establish that he was on federal probation and subject to search terms and conditions. Yates agrees that this limited information would be appropriate. Dkt. 35, at 3.

The Court agrees. The Government will be allowed to discuss the fact that Dennis was on federal probation for various felony convictions. The Government can also discuss the terms and conditions of his probation. This information is necessary to put the search of Dennis's home in context. Details about Dennis's underlying cases, however, are irrelevant and will not be permitted. Yates's third request is GRANTED.

### E. Elements the Government Must Prove

Finally, the Court wishes to make one particular ruling crystal clear. Yates has postured—in his Motion to Dismiss Indictment, at oral argument, and in proposed jury instructions—that the Government must prove not only that he knew he possessed a firearm and knew he belonged to a category of person's prohibited from possessing firearms, but also some variation of the idea that he knew he was actually prohibited from possessing a firearm / had the unlawful intent to possess a firearm / and/or knew he was breaking the law in possessing a firearm. As the Court previously explained, however, this is not the status of the law. The Court understands Yates's argument, but this element he argues the Government must prove is *not*, in fact, actually required.

As the Court already stated:

MEMORANDUM DECISION AND ORDER - 8

> The Government must first prove that Yates *knew* he possessed a firearm. . . . The Government must next prove that Yates *knew* he belonged to a category of persons (i.e., had a "status") that were prohibited from possessing firearms. However, within that element, the Government *need not* prove Yates actually knew he was breaking the law in possessing the firearm—just that he had a status that prohibited him from possessing one.

*United States of America v. Brandon Yates*, No. 1:21-CR-00116-DCN, 2021 WL 4942030, at *6 (D. Idaho Oct. 22, 2021). *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) ("The Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

As the Court previously explained, the Ninth Circuit has already addressed Yates's exact argument. In *United States v. Singh*, the Circuit had to determine if the knowledge element required that the Government "prove [the defendant] knew not only his status, but also that he knew his status prohibited him from owning a firearm." 979 F.3d 697, 727 (9th Cir. 2020), *cert. denied sub nom. Matsura v. United States*, 210 L. Ed. 2d 833 (May 24, 2021). Upon review, the Circuit concluded that "based on the plain language of § 924(a)(2) and the Supreme Court's decision in *Rehaif*, the Government must prove only that [the Defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)." *Id*. at 727-28. The *Singh* Court then clearly stated that *Rehaif* "did not hold that the Government must also prove the defendant knew his or her status prohibited firearm ownership or possession." *Id.* at 727.

The Court takes the time to point this out for two reasons. First, this ruling will be necessary when it comes time to select appropriate jury instructions in this case.

Second, it is sometimes difficult to correctly capture this small, but extremely critical, distinction as outlined in *Rehaif*. Case-in-point: one line of the Court's prior decision conflicts with its own holding (and the cited caselaw). In its decision, the Court stated at one point that "the Government has to prove two things: that the person *knew* he possessed the firearm and *knew* he was barred from doing so based upon his status. The government does not, however, have to prove the person knew he was actually breaking the law." *Yates*, 2021 WL 4942030, at *6. The second sentence of this quote is accurate; however, that sentence conflicts with the second clause of the first sentence which is less than precise, if not wholly inaccurate. The Government *does not* have to prove Yates knew he was "barred from doing so [owning a firearm] based upon his status," only that he knew he "belonged to the relevant" status group. *Rehaif,* 139 S. Ct. at 2200; *Singh*, 979 F.3d at 727–28. The remainder of the Court's decision—including the quotations above—are accurate and support the correct conclusion as outlined in *Rehaif* and *Singh*.

Thus, to reiterate: The Court will instruct the jury that the Government must prove Yates knew he possessed a firearm and knew he belonged to one of the prohibited status groups enumerated in § 922(g).[1] The Court will not, however, instruct the jury that the Government must prove Yates knew he was actually prohibited from owning a firearm and/or knew he was breaking the law. The Ninth Circuit has already rejected this argument and made clear such a position is "not supported by *Rehaif*." *Singh*, 979 F.3d at 727.

---

[1] The Government, of course, also has to prove that the firearm was shipped in interstate commerce and that Yates had previously been convicted of domestic battery. *See 18 U.S.C.* § 922(g)(9).

## VI. ORDER

The Court HEREBY ORDERS:

1. Yates's Motion in Limine (Dkts. 16, 35) are GRANTED as outlined above.

DATED: November 12, 2021

David C. Nye
Chief U.S. District Court Judge