UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON J. YATES,<br><br>Defendant. | Case No. 1:21-cr-00116-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Brandon Yates's Motion for Release Pending Sentencing. Dkt. 64. The Government opposes the Motion. Dkt. 66.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

A grand jury indicted Yates on April 14, 2021, for one count of violating 18 U.S.C. § 922(g)(9). Dkt. 1. A jury found Yates guilty of the charged offense following a two-day

jury trial. Dkt. 59. Sentencing in this matter is currently set for March 15, 2022. Dkt. 63.

On December 10, 2021, Yates filed a Motion for Release from Custody Pending Sentencing. Dkt. 64. The Court ordered expedited briefing on the issue. Dkt. 65. The Government timely responded and opposes Yates's request. Dkt. 66. Yates replied. Dkt. 67. Per its standard practice, the Court informally contacted United States Probation ("Probation") regarding Yates's request and sought their input.[1] The Motion is ripe for resolution.

### III. DISCUSSION

While a "person who has been found guilty of an offense and [] is awaiting imposition . . . of sentence" is typically detained, a Court may release any person if it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1)

Yates's primary argument in support of release is his supposition that he has likely already been incarcerated for the amount of time that will eventually be imposed as part of his sentence. Yates also filed a letter in support of his release from his older sister who represents that she will allow Yates to live with her under strict parameters and offer him some employment.

The Government opposes Yates's motion on both fronts. Dkt. 66. First, the Government contends—and the Court has confirmed as much with Probation—that it is

---

[1] The Court notes for future reference that any party is welcome to contact Probation prior to filing a motion for release and/or a response to such a request. In fact, such communication is encouraged as Probation can provide insight as to whether it would support release and, if so, under what conditions. Because the Probation department is ultimately responsible for monitoring defendants on pre-trial or pre-sentence release, their input is valuable to the Court and counsel.

MEMORANDUM DECISION AND ORDER - 2

actually likely that Yates *has not* served as much time as his anticipated sentence. Even were this not the case, the Government aptly notes that speculation about the guideline range and/or eventual sentence is not a factor the Court is to consider when determining release. The relevant question is whether Yates poses a danger to the community or is likely to flee.

The Government appreciates that Yates (and his sister) have a plan in place. Nevertheless, the Government highlights that while Yates's crime here was not egregious, he does have a history of criminal activity, a history of failures to appear, and a history of drug use. Yates responds by noting that all this evidence is dated and not reflective of his current character. The Court appreciates the sentiment, but even after his arrest in this case, Yates orchestrated a scheme of deception in trying to have another sister and his former employer lie to pretrial services on his behalf regarding his employment. Again, Yates counters this is in the past and that his behavior has improved. The Court surely hopes so.

Nevertheless, when viewed in toto, the Court finds that not only is Yates's sentence *likely* going to be longer than the time he has already served, but he has not carried his burden in establishing by clear and convincing evidence that he will not pose a danger to society or flee if released. The Court appreciates the steps Yates has taken to improve his behavior, but his past still gives the Court pause when considering the present request.

Accordingly, the Court DENIES the Motion.

///
///
///

## IV. ORDER

The Court HEREBY ORDERS:

1. Yates's Motion for Release (Dkt. 64) is **DENIED**.

DATED: December 22, 2021

_____
David C. Nye
Chief U.S. District Court Judge